IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| JAMES DONALD SMITH,<br>     Plaintiff, | §<br>§<br>§ | |
| v. | §<br>§ | No. 3:25-CV-499-D-BW |
| RICHARDSON TEXAS POLICE<br>ARRESTING OFFICERS,<br>     Defendant. | §<br>§<br>§<br>§ | Referred to U.S. Magistrate Judge[1] |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

The undersigned recommends that this action be dismissed without prejudice

pursuant to Fed. R. Civ. P. 4(m) for failure to serve the defendant.

**I. BACKGROUND**

Plaintiff James Donald Smith, proceeding pro se, filed this action on February

27, 2025, while he was incarcerated in the Harris County jail. (*See* Dkt. No. 3.) On

October 21, 2025, the Court completed judicial screening under 28 U.S.C. § 1915A

and directed Smith to prepare a summons for each defendant, have each defendant

served, and file proof of service by January 20, 2026. (Dkt. No. 13 at 1-2.) Smith

was warned failure to show proof of service by that deadline would subject his

lawsuit to dismissal unless he showed good cause for his failure to serve the

defendants and good cause to extend the deadline. (*Id.* at 2.)

---

[1] By Special Order No. 3-251, this pro se case has been automatically referred for
judicial screening.

After Smith failed to show that any defendant had been served, the undersigned entered an order to show cause by February 4 why the action should not be dismissed pursuant to Fed. R. Civ. P. 4(m). (Dkt. No. 15.) The following day, however, the clerk received a request from Smith for an extension of the deadline to serve defendants. (Dkt. No. 16.) The undersigned granted that request and, on January 27, 2026, extended Smith's deadline to serve the defendants until March 6, 2026. (Dkt. No. 17.)

Smith's extended deadline to serve the defendants has passed, and he has not shown that any defendant in this action has been served.

## II. LEGAL STANDARDS AND ANALYSIS

Fed. R. Civ. P. 4 provides that "[t]he plaintiff is responsible for having the summons and complaint served within the time allowed by Rule 4(m) and must furnish the necessary copies to the person who makes service." Fed. R. Civ. P. 4(c)(1). After effecting service, the plaintiff must file proof of service with the court. Fed. R. Civ. P. 4(*l*)(1). If the plaintiff fails to serve a defendant "within 90 days after the complaint is filed, the court—on motion or on its own after notice to the plaintiff—must dismiss the action without prejudice against that defendant," unless the plaintiff shows both (1) good cause for his failure to timely and properly effect service and (2) good cause for the court to extend the time for service for an appropriate period. Fed. R. Civ. P. 4(m); *Lewis v. Sec'y of Pub. Safety & Corr.*, 870 F.3d 365, 369 (5th Cir. 2017). "A *pro se* plaintiff is entitled to notice before a district

-2-

court dismisses an action, *sua sponte*, for failure to timely serve the defendants under Rule 4(m)." *Drgac v. Treon*, No. CIV.A.H-07-4283, 2008 WL 4746984, at *1 (S.D. Tex. Oct. 27, 2008) (citing *Lindsey v. U.S. R.R. Ret. Bd.*, 101 F.3d 444, 446 (5th Cir. 1996)).  But "[a] plaintiff's *pro se* status and ignorance of the law do not constitute cause for his failure to effect service in compliance with the rules." *Id.* (citing *Kersh v. Derozier*, 851 F.2d 1509, 1512 (5th Cir. 1988)).  "The right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (quoting *Hulsey v. State of Tex.*, 929 F.2d 168, 171 (5th Cir. 1991)).

This action should be dismissed pursuant to Rule 4(m).  The record does not reflect that Smith has served any defendant in this action, despite having received more than an additional month to do so.  The undersigned has explained the consequences of failing to timely file proof of service.  Although Smith does not have counsel in this case, he has not provided any explanation suggesting that he has been unable to effect service as required by Rule 4 while he continues to conduct his search for counsel to represent him.  Because Smith has not demonstrated reasonable diligence in attempting to serve any Defendant and has not shown good cause for an extension, this case should be dismissed pursuant to Rule 4(m).

## III. RECOMMENDATION

For the foregoing reasons, the undersigned recommends that this action be

**DISMISSED** without prejudice for failure to timely serve any defendant with

summons and a copy of the complaint as required by Fed. R. Civ. P. 4(m).

**SO RECOMMENDED** on March 10, 2026.

_____
BRIAN McKAY
UNITED STATES MAGISTRATE JUDGE

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO OBJECT

A copy of this report and recommendation will be served on all parties in the manner provided by law. Any party who objects to any part of this report and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). To be specific, an objection must identify the finding or recommendation to which objection is made, state the basis for the objection, and indicate the place in the magistrate judge's report and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Services Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996), *modified by statute on other grounds*, 28 U.S.C. § 636(b)(1) (extending the time to file objections to 14 days).